```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| EQUIPMENT LEASING, LLC | CIVIL ACTION |
| VERSUS | NO: 10-2628 |
| THREE DEUCES, INC., *in personam* and, BARGE "CGB-68017", her tuggers, generator, crane boom rest, etc., *in rem* | SECTION R |

### ORDER & REASONS

In this maritime action, defendant Interstate Truck and Equipment Inc., has filed a motion to continue hearing on plaintiff's motion for summary judgment,[1] and a motion to continue trial.[2]  For the following reasons, the Court GRANTS defendant's motion to continue hearing, and GRANTS defendant's motion to continue trial.

I.   BACKGROUND

On August 10, 2010, plaintiff Equipment Leasing, LLC sued defendant Interstate Truck and Equipment Inc. (incorrectly identified as Three Deuces, Inc.) after the defendant allegedly took possession of Barge CGB-68017 without plaintiff's permission or consent.[3]  Pursuant to Rule D of the Supplemental Rules for Admiralty or Maritime Claims, plaintiff seeks to be recognized as

---

[1] R. Doc. 45.

[2] R. Doc. 40.

[3] R. Doc. 1.

the legal title holder of the barge, and additionally seeks to be placed in possession of the barge.[4] On October 7, 2010, the Court held a preliminary conference, during which filing deadlines were established, the final pretrial conference was set for April 7, 2011, and trial was set to begin on April 18, 2011.[5] The deadline for amendments to pleadings, third-party actions, crossclaims and counterclaims was set for November 8, 2010.[6]

On February 14, 2011, after the deadline for filing third-party complaints had passed, Interstate Truck filed an unopposed motion to bring third-party claims against Taylor Auction & Realty, Inc. and J.A.H. Enterprises, Inc. d/b/a Henderson Auctions.[7] The motion was granted.[8]

Interstate Truck alleges that at some time before October 14, 2009, Taylor Auction purchased Barge CGB-68017.[9] Interstate Truck further alleges that on October 14, 2009, Taylor Auction held an auction entitled "CDP Corp., Inc. Bankruptcy Auction" at

---

[4] *Id.* at 4. At a March 11, 2011 settlement conference, the parties reached an agreement for the release and return of the vessel to the plaintiff while reserving their rights to the merits of the claims. R. Doc. 43.

[5] R. Doc. 20.

[6] *Id.* at 2.

[7] R. Doc. 27.

[8] R. Doc. 28.

[9] R. Doc. 29 at 2.

which Henderson Auctions purchased Barge CGB-68017.[10]  Interstate Truck claims that on December 14, 2009, Henderson Auctions held an auction at which Interstate Truck purchased the barge.[11]  The third-party complaint states:

> At all times material hereto, Interstate Truck and Equipment believed and still believes that Barge CGB-68017 was lawfully acquired through the bankruptcy proceedings of CDP Corp., Inc.  However, if it is determined that Barge CGB-68017 was not lawfully acquired through the bankruptcy proceedings of CDP Corp., Inc., then Taylor Auction & Realty, Inc. and J.A.H. Enterprises, Inc., d/b/a Henderson Auctions, are liable unto Interstate Truck & Equipment, Inc. for any and all damages which may be incurred by Interstate Truck & Equipment, Inc. as a result of this action.[12]

On February 17, 2011, Equipment Leasing filed a motion for summary judgment requesting entry of judgment recognizing it as the legal title holder and rightful owner of Barge CGB-68017.[13]  Interstate Truck filed an opposition to the motion.[14]  In addition, Interstate Truck filed a motion to continue hearing on plaintiff's motion for summary judgment and a motion to continue trial.[15]  Plaintiff opposes the motions.[16]

---

[10]   *Id.*

[11]   *Id.*

[12]   *Id.* at 3.

[13]   R. Doc. 31.

[14]   R. Doc. 37.

[15]   R. Doc. 45; R. Doc. 40.

[16]   R. Doc. 39 at 2; R. Doc. 44.

## II.  DISCUSSION

   *A)  Defendant's Motion to Continue Hearing*

   Rule 56(f) is designed to safeguard against a premature or improvident grant of summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation omitted). To obtain a Rule 56(f) continuance, "[t]he non-moving party must show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a material fact, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (internal citations and quotation marks omitted). But, where "the nonmoving party has not diligently pursued discovery of that evidence, the court need not accommodate the nonmoving party's belated request." *Id.*

   Interstate Truck has submitted the "unsworn declaration under penalty of perjury" of Mass P. Blackwell, Jr., its owner, stating that the defendant is unable to adequately oppose plaintiff's motion for summary judgment without conducting further discovery with the third-party defendants.[17] Blackwell states that additional discovery will enable the defendant to prove that Henderson Auctions purchased the barge at the CDP Corp. bankruptcy sale free and clear of any and all liens and

---

[17]  R. Doc. 48-2.

other claims. Defendant states that additional discovery, therefore, will enable it to prove that its purchase of the barge from Henderson Auctions makes it the rightful owner of the barge.

The Court finds that discovery of facts relating to the sale of the barge at the bankruptcy auction may enable Interstate Truck "to rebut the movant's showing of the absence of a genuine issue of fact." *Washington*, 901 F.2d at 1285. In order to carry their burden on summary judgment, the defendant must show that there is a genuine issue of material fact as to whether plaintiff is the legal title holder to Barge CGB-68017. This will require the submission of evidence relating to whether Barge CGB-68017 was part of CDP's bankruptcy estate and sold in the bankruptcy auction by Taylor Auction to Henderson Auctions. The Court finds that discovery from the recently added third-party defendants is essential to defendant's opposition to plaintiff's motion for summary judgment.

The Court notes that Interstate Truck added the third-party defendants more than three months after the deadline for amending the pleadings. Plaintiff, however, did not oppose defendant's motion to file the third-party demand.

In light of these considerations, the Court finds that it would be premature to rule on the motion for summary judgment at this time. Accordingly, the Court grants defendant's motion to continue the hearing on plaintiff's motion for summary judgment

5

until JUNE 30, 2011.

   *B) Defendant's Motion to Continue Trial*

   Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000).

   Defendant asks that the trial be continued so that it may obtain discovery from the recently added third-party defendants. Plaintiff opposes the motion and argues that the third-party claims can be severed from the underlying Rule D action and tried separately.

   Under Federal Rule of Civil Procedure 21, the court may sever any claim against a party. Fed. R. Civ. P. 21. In addition, Rule 20(b) states that a district court "may issue orders- including an order for separate trials- to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b).

   The Court will not sever the third-party complaint from the

underlying action in this case. "[F]ederal courts are inclined to avoid duplicating trials of the same matters and therefore exercise their discretion under Rule 20(b) cautiously." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7 *Federal Practice and Procedure* § 1660 (3d ed. 2010). Because the central issue in both cases is whether Interstate Truck acquired title to the barge from the third-party defendants, Interstate Truck's claims against the new defendants involve the same parties, facts, evidence and witnesses as the primary case. Here, plaintiff does not allege

> that trial of the third party ... claims would unduly complicate or overburden [the] trial of the primary suit. In fact, a severance would be burdensome for defendants ... and the judicial system as a whole because it would require multiple proceedings to resolve these related issues.

*Rodriguez v. Shell Oil Co.*, 950 F. Supp. 187, 192 (S.D. Tex. 1996) (internal citations omitted) (denying severance of contribution claims in mass tort litigation); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 182 (5th Cir. 2000) (holding district court did not abuse its discretion in refusing to sever third-party claims from the primary claims where there was no indication that the third-party claims unduly complicated or overburdened the primary claims); Wright, Miller & Kane, 6 *Federal Practice and Procedure* § 1460 (explaining that when considering motion to sever third-party demand, "the court typically is concerned with ... whether continued joinder will

serve to complicate the litigation unduly or will prejudice the other parties in any substantial way"). The Court finds that the interests of justice and economy would be served best by trying the third-party claims and the primary claims at the same time.

Accordingly, the Court will not sever the third-party complaint. For the same reasons as discussed above regarding defendant's motion to continue hearing, the Court GRANTS defendant's motion to continue trial.

### III. CONCLUSION

For the reasons stated, the defendant's motion to continue hearing is GRANTED, and defendant's motion to continue trial is GRANTED.

New Orleans, Louisiana, this ___1st___ day of April, 2011.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE