UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

EQUIPMENT LEASING, LLC                          CIVIL ACTION

VERSUS                                          NO: 10-2628

THREE DEUCES, INC., *in                         SECTION: R(4)
personam* and, BARGE "CBG-
68017", her tuggers,
generator, crane boom rest,
etc., *in rem*


                          **ORDER AND REASONS**

    Defendant Interstate Truck & Equipment, Inc. moves the Court to reconsider its order granting summary judgment to Equipment Leasing on the issue of rightful ownership of Barge CGB-68017.[1] Because Interstate has not established a manifest error of law or fact, the Court DENIES its motion.


**I.    BACKGROUND**

    In August 10, 2010, plaintiff Equipment Leasing, LLC sued defendant Interstate Truck and Equipment, Inc. (incorrectly identified as Three Deuces, Inc.), *in personam*, and Barge CGB-68017, *in rem*, after Interstate Truck allegedly took possession of Barge CGB-68017 without plaintiff's permission or consent.[2] On November 2, 2006, CDP West, LLC paid a $2000 deposit to

---

    [1]    R. Doc. 60.

    [2]    R. Doc. 1.

Matthews Marine on a "CG Barge" with a sale price of $125,000.[3] On November 21, 2006, Matthews Marine and Equipment Leasing entered into a contract of sale for Barge CGB-68017 in which Equipment Leasing agreed to purchase the barge for $125,000.[4] At the same time, Equipment Leasing purchased two additional vessels from Matthews Marine; Barge "Terry Lee" for a purchase price of $25,000 and Tug Boat "Baby Girl" for a purchase price of $155,000.[5] Cahaba Disaster Recovery, LLC paid Matthews Marine $303,000 for the vessels on behalf of Equipment Leasing.[6] Equipment Leasing repaid the $303,000 to Cahaba on January 22, 2007.[7] Equipment Leasing employees testified that Equipment Leasing has never sold or transferred Barge CGB-68017 to any entity or individual.[8]

Interstate Truck contends, however, that on October 14, 2009, third-party defendant Taylor Auction & Realty, Inc. sold Barge CGB-68017 at the "CDP Corp Inc. Bankruptcy Auction" to J.A.H Enterprises, Inc., d/b/a Henderson Auctions.[9] Interstate

---

[3]   R. Doc. 31-7, Ex. F.

[4]   R. Doc. 31-2, Ex. A.

[5]   R. Doc. 31-3, Ex. B; R. Doc. 31-4, Ex. C.

[6]   R. Doc. 31-5, Ex. D.

[7]   R. Doc. 31-6, Ex. E.

[8]   R. Doc. 31-9, Ex. H; R. Doc. 31-10, Ex. I.

[9]   R. Doc. 31-13, Ex. L.

Truck maintains that it purchased the barge from Henderson Auctions on December 14, 2009.[10]  Interstate Truck therefore asserts it is the rightful owner of Barge CGB-68017.

On August 10, 2010, Equipment Leasing filed this petitory and possessory suit to try title to Barge CGB-68017.[11]  At a March 10, 2011 settlement conference, the parties reached an agreement for the release and return of the vessel to the plaintiff while reserving their rights to the merits of the claims.[12]  On July 28, 2011, the Court granted summary judgment to Equipment Leasing on the grounds that it is the legal title holder of Barge CGB-68017 because Interstate Truck failed to present evidence that the barge was part of CDP's bankruptcy estate and that it failed to present evidence that it obtained any interest in the vessel.[13]

Interstate Truck now moves the Court to reconsider its order granting summary judgment to Equipment Leasing.[14]  Interstate Truck initially asked the Court to reconsider its order on the grounds that the U.S. Bankruptcy Court for the Southern District of Mississippi had enjoined the plaintiff from proceeding in this

---

[10]   R. Doc. 31-11, Ex. J.

[11]   R. Doc. 1.

[12]   R. Doc. 43.

[13]   R. Doc. 59.

[14]   R. Doc. 60.

Court for 21 days in order to allow the Bankruptcy Trustee for CDP to make an appearance.[15] Although the Trustee failed to make an appearance in this Court, thus rendering Interstate Truck's initial basis for the motion moot, Interstate Truck now asks the Court to reconsider its order granting summary judgment on the basis of testimony given in the bankruptcy proceeding.[16]

**II. STANDARD**

Because Interstate Truck's Motion for Reconsideration was filed within ten days of the Court's July 28 order, the Court will treat is as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2810.1 (2d ed. 1995). A district court has considerable discretion to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug.

---

[15] *Id.*

[16] R. Doc. 76.

30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III. DISCUSSION**

Interstate Truck moves the Court to reconsider its order granting summary judgment to Equipment Leasing. Interstate Truck argues that questions of fact exist as to whether it acquired title to Barge CGB-68017. Specifically, Interstate Truck contends that testimony adduced at the bankruptcy proceeding demonstrates that CDP listed the barge as an asset and explains the discrepancies between various descriptions of the barge. Interstate Truck further argues that Equipment Leasing impliedly consented to the sale of the barge because it bid on other items at the CDP auction, but not Barge CGB-68017.

The Court's July 28 order reasoned that whether legal title of the barge passed to Equipment Leasing from Matthews Marine depended on whether a sale occurred. Finding that it did, the Court examined Alabama law (which governed the contract between Matthews Marine and Equipment Leasing) and determined that legal title of the barge transferred to Equipment Leasing at the time of contracting on November 21, 2006. Furthermore, the Court held that Interstate Truck failed to present a genuine issue of material fact as to whether CDP ever held valid title to the barge. Equipment Leasing presented two affidavits of employees testifying that Equipment Leasing never sold or transferred to the barge to CDP. Interstate Truck, on the other hand, presented no evidence that CDP acquired any ownership interest in the barge.

Interstate Truck now submits the testimony of Kimberly Lentz, the bankruptcy trustee for CDP, who testified that CDP listed Barge CGB-68017 as one of its assets.[17] Interstate Truck contends that this testimony raises questions of fact as to whether the barge "was sold, rightfully or wrongfully, as part of the bankruptcy estate of CDP Corporation, and subsequently passed on to Interstate."[18] Interstate Truck fails to provide any background to this asset listing, including the date on which the

---

[17] R. Doc. 68-3 at 5.

[18] R. Doc. 76 at 3.

barge was listed as an asset. Even assuming CDP did list the barge as an asset, Interstate Truck does not submit any evidence that CDP had legal title to Barge CGB-68017 - only that CDP listed the barge as an asset.

Interstate also contends that testimony from the bankruptcy proceeding explains discrepancies between the auction listing of the barge and the description of the barge in Matthews Marine's survey report.[19] In its July 28 order, the Court noted that auction listing of the barge described its dimensions as 24 x 73 x 8.[20] The Matthews Marine Survey Report, however, lists the dimensions as 26 x 68 x 7.[21] Interstate Truck now contends the testimony of Benny Taylor, the auctioneer, explains the discrepancies in that Taylor used his feet to measure the barge instead of a tape measure.[22] Explaining the discrepancy, however, does not amount to producing evidence that CDP held valid title to the barge. Nor does it amount to producing evidence that Interstate Truck obtained any interest in the vessel. The Court finds that even with the testimony of Lentz

---

[19] *Id.* at 3.

[20] R. Doc. 59 at 15 (citing R. Doc. 31-13, Ex. L; R. Doc. 31-11, Ex. J).

[21] R. Doc. 31-14.

[22] R. Doc. 68-3 at 7.

and Taylor, Interstate Truck has not submitted any new evidence that warrants disturbing the Court's July 28 order.

Interstate Truck's argument that Equipment Leasing impliedly consented to the sale and therefore cannot object to it likewise fails. In support of this contention, Interstate Truck directs the Court to *Canzano v. Ragosa*, 382 F.3d 51 (1st Cir. 2004). *Canzano*, however, specifically applies in the context of adverse possession. There, the First Circuit held that the defendant was "estopped from asserting her adverse possession claim under Massachusetts state law because she had notice that the bankruptcy court was selling land she claimed, yet participated in the auction without asserting her ownership rights." *Canzano*, 382 F.3d at 60. *Canzano* does not support the contention that a party who participates in an auction impliedly consents to the sale of its own equipment; instead, it merely holds that a party cannot assert a claim of adverse possession when she participates in an action without asserting her rights. The Court therefore finds *Canzano* unavailing. Aside from *Canzano*, Interstate Truck does not direct the Court to any Fifth Circuit case law that supports its position. Even if it did, though, a motion to reconsider "cannot be used to argue a case under a new legal theory." *Ross*, 426 F.3d at 763 (citing *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Interstate Truck has not presented this argument to the Court before its supplemental memorandum in

support of its motion for reconsideration.[23] Accordingly, the Court finds that reconsideration of its order inappropriate on this ground.

## IV. CONCLUSION

For the foregoing reasons, Interstate Truck's motion for reconsideration is DENIED.

New Orleans, Louisiana, this 19th day of October, 2011.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[23] R. Doc. 76 at 6-7.