UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EQUIPMENT LEASING, LLC | CIVIL ACTION |
| VERSUS | NO: 10-2628 |
| THREE DEUCES, INC., *in personam* and, BARGE "CBG-68017", her tuggers, generator, crane boom rest, etc., *in rem* | SECTION: R(4) |

**ORDER AND REASONS**

Third-party defendant Taylor Auction moves the Court to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[1] Interstate Truck asks the Court to hold the motion in abeyance to allow it to transfer its claims, or to dismiss without prejudice. Because Interstate Truck did not seek leave from the bankruptcy court before instituting the present action against Taylor Auction, pursuant to the *Barton* doctrine, the Court GRANTS Taylor Auction's motion to dismiss for lack of subject matter jurisdiction.

---

[1] R. Doc. 65.

I.   BACKGROUND

In August 10, 2010, plaintiff Equipment Leasing, LLC sued defendant Interstate Truck and Equipment, Inc. (incorrectly identified as Three Deuces, Inc.), *in personam*, and Barge CGB-68017, *in rem*, after Interstate Truck allegedly took possession of Barge CGB-68017 without plaintiff's permission or consent.[2] On November 2, 2006, CDP West, LLC paid a $2000 deposit to Matthews Marine on a "CG Barge" with a sale price of $125,000.[3] On November 21, 2006, Matthews Marine and Equipment Leasing entered into a contract of sale for Barge CGB-68017 in which Equipment Leasing agreed to purchase the barge for $125,000.[4] At the same time, Equipment Leasing purchased two additional vessels from Matthews Marine; Barge "Terry Lee" for a purchase price of $25,000 and Tug Boat "Baby Girl" for a purchase price of $155,000.[5] Cahaba Disaster Recovery, LLC paid Matthews Marine $303,000 for the vessels on behalf of Equipment Leasing.[6] Equipment Leasing repaid the $303,000 to Cahaba on January 22, 2007.[7] Equipment Leasing employees testified that Equipment

---

[2]   R. Doc. 1.

[3]   R. Doc. 31-7, Ex. F.

[4]   R. Doc. 31-2, Ex. A.

[5]   R. Doc. 31-3, Ex. B; R. Doc. 31-4, Ex. C.

[6]   R. Doc. 31-5, Ex. D.

[7]   R. Doc. 31-6, Ex. E.

2

Leasing has never sold or transferred Barge CGB-68017 to any entity or individual.[8]

Interstate Truck contends, however, that on October 14, 2009, third-party defendant Taylor Auction & Realty, Inc. sold Barge CGB-68017 at the "CDP Corp Inc. Bankruptcy Auction" to J.A.H Enterprises, Inc., d/b/a Henderson Auctions.[9] The United State Bankruptcy Court for the Southern District of Mississippi appointed Taylor Auction as appraiser/auctioneer for CDP's Trustee.[10] Interstate Truck maintains that it purchased the barge from Henderson Auctions on December 14, 2009, making Interstate the rightful owner of Barge CGB-68017.[11] Interstate Truck filed a third-party demand on Taylor Auction and Henderson Auctions on February 16, 2011, contending that both entities are liable to Interstate Truck if the Court determines that Barge CGB-68017 was not lawfully acquired through the CDP bankruptcy proceedings.[12]

On August 10, 2010, Equipment Leasing filed this petitory and possessory suit to try title to Barge CGB-68017.[13] At a

---

[8] R. Doc. 31-9, Ex. H; R. Doc. 31-10, Ex. I.

[9] R. Doc. 31-13, Ex. L.

[10] R. Doc. 65, Ex. A.

[11] R. Doc. 31-11, Ex. J.

[12] R. Doc. 29.

[13] R. Doc. 1.

3

March 10, 2011 settlement conference, the parties reached an agreement for the release and return of the vessel to the plaintiff while reserving their rights to the merits of the claims.[14] On July 28, 2011, the Court granted summary judgment to Equipment Leasing on the grounds that it is the legal title holder of Barge CGB-68017 because Interstate Truck failed to present evidence that the barge was part of CDP's bankruptcy estate and that it failed to present evidence that it obtained any interest in the vessel.[15]

Taylor Auction now moves the Court to dismiss Interstate Truck's third-party demand. Taylor Auction argues that the Court lacks subject matter jurisdiction over the action against Taylor Auction because Interstate Truck failed to seek leave from the bankruptcy court before filing the third-party demand, as required by the *Barton* doctrine. Alternatively, Taylor Auction argues that Interstate Truck's third-party demand fails to state a claim upon which relief can be granted because Louisiana law provides that an auctioneer is not responsible to third parties when the principal is disclosed.

---

[14] R. Doc. 43.

[15] R. Doc. 59.

## II. STANDARD

Federal Rule 12(b)(1) requires dismissal if a district court lacks jurisdiction over the subject matter of a plaintiff's claim. FED. R. CIV. P. 12(b)(1). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, subject matter jurisdiction must be decided first because "the court must find jurisdiction before determining the validity of a claim." *Moron v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). A court generally cannot go outside the complaint in determining a motion to dismiss. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). A court may, however, "rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th

Cir. 2001).  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true.  *Id.*  It need not contain detailed factual allegations, but it must go beyond

labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255-57.  If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

**III. DISCUSSION**

The Supreme Court held in *Barton v. Barbour* that before suit can be brought against a court-appointed receiver, "leave of the court by which he was appointed must be obtained."  104 U.S. 126, 127 (1881).  Although *Barton* applied to a receiver and not a bankruptcy trustee, "[t]he trustee in bankruptcy is a statutory successor to the equity receiver, and . . . [j]ust like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code."  *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998).  While the Fifth Circuit has not yet considered the *Barton* doctrine,

other circuits apply the rule in *Barton* to bankruptcy trustees and other court-appointed bankruptcy officials. *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005)("a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity"); *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004)(applying the *Barton* doctrine to lawsuits against bankruptcy trustees); *Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000)(applying the *Barton* doctrine to auctioneers); *Linton*, 136 F.3d at 545 (applying the *Barton* doctrine to bankruptcy trustees); *In re Lehal Realty Assocs.*, 101 F.3d 272, 277 (2d Cir. 1996)(applying the *Barton* doctrine to lawsuits against bankruptcy trustees); *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)(applying the *Barton* doctrine to lawsuits against bankruptcy trustees and counsel for the trustee).

The Court finds that the *Barton* doctrine applies to Interstate Truck's action against Taylor Auction, despite the absence of Fifth Circuit case law on subject. *See In re WRT Energy Corp.*, 402 B.R. 717, 722 (Bkrtcy. W.D. La. 2007) (recognizing "the viability of the *Barton* doctrine and its applicability to bankruptcy trustees despite the lack of any Fifth Circuit decisions adopting the doctrine); *Shavers v.*

8

*Murray*, No. 2:05CV202, 2006 WL 1666693 (N.D. Miss. June 12, 2006) (applying the *Barton* doctrine); *In re Coastal Plains, Inc.*, 326 B.R. 102, 111 (Bkrtcy. N.D. Tex. 2005)(applying the *Barton* doctrine). The United States Bankruptcy Court for the Southern District of Mississippi appointed Taylor Auction as the appraiser/auctioneer for CDP's trustee.[16] Interstate Truck's third-party demand seeks damages from Taylor Auction for activities conducted pursuant to its duties as auctioneer for CDP.[17] Because Interstate Truck seeks relief from Taylor Auction for activities "stemming from their official bankruptcy duties," Interstate Truck must seek leave from the bankruptcy court. *Carter*, 220 F.3d at 1253. Absent leave, this Court lacks subject matter jurisdiction over Interstate Truck's third-party demand against Taylor Auction.

Despite the *Barton* doctrine's application in this instance, the Court notes that a "limited exception" applies to the *Barton* doctrine. *Carter*, 220 F.3d at 1254. This exception allows "[t]rustees . . . [to] be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." 28 U.S.C. 959(a). The phrase "carrying on business" applies to "acts or transactions in conducting the debtor's

---

[16] R. Doc. 65-3.

[17] R. Doc. 29.

9

business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *Muratore*, 375 F.3d at 144 (citing cases). Examples of suits permissible without leave include "a wrongful death action filed against an operating railroad trustee and suits for wrongful use of another's property." *Crown Vantage*, 421 F.3d at 972 (citing cases). "Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate." *Carter*, 220 F.3d at 1254 (citing *Lehal*, 101 F.3d at 276). Here, Interstate Truck bases its demand on actions Taylor Auction purportedly took in the liquidation of CDP's estate. For this reason, Section 959(a)'s exception does not apply. *See id.*

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Taylor Auction's motion to dismiss for lack of subject matter jurisdiction. Because the Court does not have subject matter jurisdiction over the action, it need not decide the motion to dismiss for failure to state a claim.

New Orleans, Louisiana, this 9th day of December, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE