```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

EQUIPMENT LEASING, LLC                           CIVIL ACTION

VERSUS                                           NO: 10-2628

THREE DEUCES, INC., *in*                         SECTION: R(4)
*personam* and, BARGE "CBG-
68017", her tuggers,
generator, crane boom rest,
etc., *in rem*

## ORDER AND REASONS

Defendant Interstate Truck & Equipment, Inc. moves the Court to certify the order granting summary judgment to Equipment Leasing on the issue of ownership of Barge CGB-68017 and the order denying Interstate Truck's motion for reconsideration as final judgments pursuant to Federal Rule of Civil Procedure 54(b).[1]  Because Interstate Truck fails to demonstrate a danger of hardship or injustice through delay of final judgment, the Court DENIES its motion.

I.   BACKGROUND

In August 10, 2010, plaintiff Equipment Leasing, LLC sued defendant Interstate Truck and Equipment, Inc. (incorrectly identified as Three Deuces, Inc.), *in personam*, and Barge CGB-68017, *in rem*, after Interstate Truck allegedly took possession

---

[1]   R. Doc. 79.

of Barge CGB-68017 without plaintiff's permission or consent.[2] On November 2, 2006, CDP West, LLC paid a $2000 deposit to Matthews Marine on a "CG Barge" with a sale price of $125,000.[3] On November 21, 2006, Matthews Marine and Equipment Leasing entered into a contract of sale for Barge CGB-68017 in which Equipment Leasing agreed to purchase the barge for $125,000.[4] At the same time, Equipment Leasing purchased two additional vessels from Matthews Marine; Barge "Terry Lee" for a purchase price of $25,000 and Tug Boat "Baby Girl" for a purchase price of $155,000.[5] Cahaba Disaster Recovery, LLC paid Matthews Marine $303,000 for the vessels on behalf of Equipment Leasing.[6] Equipment Leasing repaid the $303,000 to Cahaba on January 22, 2007.[7] Equipment Leasing employees testified that Equipment Leasing has never sold or transferred Barge CGB-68017 to any entity or individual.[8]

Interstate Truck contends, however, that on October 14, 2009, third-party defendant Taylor Auction & Realty, Inc. sold

---

[2]   R. Doc. 1.

[3]   R. Doc. 31-7, Ex. F.

[4]   R. Doc. 31-2, Ex. A.

[5]   R. Doc. 31-3, Ex. B; R. Doc. 31-4, Ex. C.

[6]   R. Doc. 31-5, Ex. D.

[7]   R. Doc. 31-6, Ex. E.

[8]   R. Doc. 31-9, Ex. H; R. Doc. 31-10, Ex. I.

Barge CGB-68017 at the "CDP Corp Inc. Bankruptcy Auction" to J.A.H Enterprises, Inc., d/b/a Henderson Auctions.[9] Interstate Truck maintains that it purchased the barge from Henderson Auctions on December 14, 2009.[10] Interstate Truck therefore asserts it is the rightful owner of Barge CGB-68017.

On August 10, 2010, Equipment Leasing filed this petitory and possessory suit to try title to Barge CGB-68017.[11] In addition to possession of the barge, Equipment Leasing asks for disgorgement of revenue by Interstate Trucking and for consequential damages for the loss of revenue, plus pre-judgment interest, costs and attorney's fees.[12] At a March 10, 2011 settlement conference, the parties reached an agreement for the release and return of the vessel to the plaintiff while reserving their rights to the merits of the claims.[13] On July 28, 2011, the Court granted summary judgment to Equipment Leasing on the grounds that it is the legal title holder of Barge CGB-68017 because Interstate Truck failed to present evidence that the barge was part of CDP's bankruptcy estate and that it failed to

---

[9]    R. Doc. 31-13, Ex. L.

[10]   R. Doc. 31-11, Ex. J.

[11]   R. Doc. 1.

[12]   R. Doc. 1 at ¶XVIII.

[13]   R. Doc. 43.

present evidence that it obtained any interest in the vessel.[14] The Court denied Interstate Truck's motion for reconsideration on October 19, 2011.[15]

Interstate Truck now asks the court to certify the order granting summary judgment to Equipment Leasing and the order denying Interstate Truck's motion for reconsideration as final judgments pursuant to Federal Rule of Civil Procedure 54(b).

## III. DISCUSSION

Federal Rule of Civil Procedure 54(b) provides the following:

> When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir.

---

[14] R. Doc. 59.

[15] R. Doc. 78.

4

1996).  That court explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel."  *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay," a determination which is within the sound discretion of the district court.  See *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992).  In making this determination, the district court has a duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."  *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

Interstate Truck has failed to convince the Court that "there exists some danger of hardship or injustice through delay" of final judgment.  *PYCA Indus., Inc.*, 81 F.3d at 1421 (holding that the district court abused its discretion by certifying an appeal without a finding of hardship).  Indeed, Interstate Truck has not even *argued* that hardship would result absent immediate

5

entry of judgment.  Further, although the issue of title has been resolved, the issues of damages, costs and attorney's fees remain outstanding.  Consequently, the possibility that entry of judgments will produce piecemeal review in this case outweighs any potential danger of denying justice by delay.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES the motion for entry of final judgments pursuant to Rule 54(b).

New Orleans, Louisiana, this 22nd day of December, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE